■ WILLIS PAWNBROKERS, INC., Appellant-Respondent, v AMBASSADOR INSURANCE COMPANY, Respondent-Appellant. — Order of the Supreme Court, Bronx County (Wallace Cotton, J.), entered March 30, 1983, requiring defendant to post a bond in the sum of $100,000 pursuant to subdivision 3 of section 59-a of the Insurance Law, unanimously reversed, on the law, with costs, and the motion denied. ¶ Plaintiff is the owner of a parcel of real property designated at 473 and 475 Willis Avenue, Bronx, New York, at which it conducted a pawn brokerage business. Defendant is an insurance company not licensed to do business in this State. Plaintiff was unable to obtain fire insurance on the property from an insurer licensed to do business in this State. Accordingly, its broker, Bramex, Ltd., a licensed excess line broker, placed the insurance with defendant. ¶ The policy covered three distinct hazards, all involving loss by fire: first it covered damage to the premises; second, it covered the contents of the premises; finally, it covered loss accruing from the interruption of plaintiff's business. On January 13, 1979, while the policy of insurance was in effect, a fire occurred at the premises. Defendant refused to pay for the loss which resulted and plaintiff instituted this suit, seeking $125,000 for damage to the premises, $100,000 for the contents and $40,000 as a result of business interruption. After issue had been joined it moved for an order under subdivision 3 of section 59-a of the Insurance Law to require defendant as an "unauthorized foreign or alien insurer" to post a bond "sufficient to secure the payment of any final judgment which may be rendered" in the action. Special Term granted the motion to the extent of requiring defendant to post a bond in the sum of $100,000. Plaintiff appeals, contending that the bond is inadequate. Defendant also appeals, contending that no bond is necessary. ¶ While subdivision 3 of section 59-a requires the posting of a bond by an insurer not authorized to do business in this State, subdivision 5 of section 59-a provides that the provisions of the section shall not be applicable to any suit "arising out of any contract of insurance effectuated in accordance with * * * section one hundred twenty-two where such contract contains a provision designating the superintendent * * * its true and lawful attorney upon whom may be served all lawful process in any action * * * instituted by or on behalf of an insured * * * arising out of such contract of insurance". ¶ Section 122 of the Insurance Law authorizes the superintendent to license excess line brokers. Subdivision 6 provides that such a broker may place insurance with an insurer to the extent that such insurance is "only the excess over the amount * * * procurable from

authorized insurers". In the case at bar there is no dispute but that none of the insurance sought by plaintiff could be obtained from an authorized insurance company, i.e., an insurer licensed to do business in this State. By consequence, the full amount of the insurance procured by Bramex from defendant for plaintiff was the "excess over the amount * * * procurable from authorized insurers". Thus, this condition was met. The only other condition required to be met by defendant was that it name the superintendent as its agent for the service of process as specified by subdivision 5 of section 59-a. It is undisputed that this requirement also has been met. By consequence, all the conditions specified in subdivision 5 of section 59-a and subdivision 6 of section 122 necessary to exempt defendant from the bond filing requirement of subdivision 3 of section 59-a have been met. Accordingly, it was error to require defendant to file a bond. Concur — Sandler, J. P., Sullivan, Carro, Bloom and Fein, JJ.